## 27970. BRAND v. WOFFORD.

UNDERCOFLER, Justice. Don Wayne Brand filed a habeas corpus action in the Superior Court of Ware County. After a hearing, the trial court remanded the applicant to the custody of the warden. He appeals to this court. *Held:*

1. The record shows that the appellant and two others burglarized a drug store. The proprietors saw two men inside the store about 8:00 p.m., the burglar alarm was ringing, and there was a broken glass panel; one of the proprietors saw an automobile parked in the parking lot but could not read the license number; they saw the appellant and one of his companions leave the store and the appellant ordered them not to attempt to follow them; the proprietors did attempt to follow the appellant's vehicle and two shots were fired at them; they then called the police; the police soon spotted the mud-covered car of the appellant, gave chase and after an exchange of gun shots, the appellant's vehicle wrecked; the proprietors were brought to the arrest

scene where they identified the appellant and the stolen drugs; and the appellant did not have counsel at that time.

The appellant contends that he was "subjected to an illegal lineup in that he was not provided with the assistance of counsel when he was identified at the arrest scene. There is no merit in this contention. He was not entitled to counsel in a pre-indictment confrontation. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411).

2. The appellant contends that he was arrested without a warrant and held in custody for three weeks without a preliminary hearing.

The holding of a commitment hearing is not a requisite to a trial for the commission of a felony. Code § 27-407 recites that it "is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit." *Holmes v. State,* 224 Ga. 553, 556 (163 SE2d 803); *Burston v. Caldwell,* 228 Ga. 795 (3) (187 SE2d 900).

3. The appellant contends that he remained in custody from January 20, 1970, through April 28, 1970, without arraignment. Code Ann. § 27-1401 provides: "In all criminal cases, the court shall fix a date on which the defendant shall be arraigned." (Ga. L. 1966, pp. 430, 431). There is no provision of law requiring that an accused be arraigned within any fixed period of time.

4. The appellant contends that he did not have counsel at his preliminary hearing and that he was con-stitutionally entitled thereto.

The record shows that three men participated in the burglary. The attorney for the other two defendants knew the appellant well and knew the circumstances of this case. At the preliminary hearing the attorney volunteered his services to the appellant because he

did not want him to say anything at that point which would injure him and he was so appointed by the court.

5. The appellant contends that his attorney at the trial was appointed 3 or 4 days before the arraignment and trial and therefore he was denied effective assistance of counsel. The attorney who represented the appellant testifed that he was appointed to represent the appellant about two weeks before the trial, that he had represented him at the preliminary hearing, that he had talked with him several times, and that he had ample time to prepare the case for trial. There is no merit in this contention of the appellant.

6. The appellant contends that before his trial began he was led in handcuffs through the corridor of the courthouse where prospective jurors were standing among the other spectators and that this denied him a fair trial. We do not agree. *Starr v. State,* 209 Ga. 258 (5) (71 SE2d 654).

7. The appellant contends that the jury was not sequestered during the overnight recess of his case, that members of the jury's families were in the courtroom during his co-defendants' pleas of guilty and heard the district attorney make some remarks to the court during their probation request, and that the members of the jury's families discussed these matters with the jury members in their respective homes during the overnight recess since the court had not admonished them otherwise.

The trial transcript does not show that the trial lasted longer that one day. However, the attorney who represented the appellant testified that it did, that he discussed the question of sequestration of the jury with the appellant and that they agreed that the jury would not be locked up overnight. The attorney did not remember whether the jury was admonished not to discuss the case.

In a habeas corpus hearing there is a presumption in

favor of the conviction or judgment unreversed, and that the decision of the court convicting the prisoner was well founded. Code § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505); *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga . 532 (150 SE2d 833); *Dutton v. Morris,* 222 Ga. 595 (1) (151 SE2d 125); *Smith v. Brown,* 228 Ga. 584 (187 SE2d 142).

There is no evidence in the record that any members of the jury's families were in the courtroom during his co-defendants' pleas of guilty or during the remarks of the district attorney to the court. Neither is there any evidence in the record that the trial court failed to admonish the jury about their discussing the case. The appellant's statements are the only thing in the record on these points. Furthermore, the remark by the district attorney made during the consideration of the co-defendants' probation request which related to the defendants' shooting at the pursuing officers was presented as evidence during the trial of the appellant's case.

8. During the trial of this case, the appellant introduced his character into evidence by testifying he first started using drugs and became addicted to them while serving a prison term in Reidsville State Penitentiary about 3 years before this trial. The transcript showed that counsel stated that this did put appellant's character into evidence. On cross examination the district attorney asked the appellant if he were the same person who was arrested and tried for about 20 other specific offenses. On most of the offenses, the appellant stated that he was the person involved in them.

The appellant now contends that he was denied due process of law because the district attorney asked him questions about the other offenses in which he denied that he was the named defendant. In view of the number of offenses in which the appellant admitted

being the named defendant, we can see no harm to him because he denied that he was the defendant in some of the other offenses. No other evidence was introduced before the court when he denied that he was the person involved in those offenses. Compare *Michelson v. United States,* 335 U. S. 469 (69 SC 213, 93 LE 168).

9. The testimony in the habeas corpus court showed that in the closing argument the prosecuting attorney stated to the jury: "This boy is going to take these nembutals and sell to yours and my kids for a dollar apiece. If you want to turn him loose to do this, let him do it." This was a reasonable deduction from the evidence which the prosecuting attorney was authorized to make. See *O'Bryant v. State,* 222 Ga. 326 (7) (149 SE2d 654); Code § 81-1009.

10. The appellant contends that his 15-year sentence for burglary is excessive. We do not agree. The sentence is within the range of not less than one nor more than 20 years provided for by Ga. L. 1968, pp. 1249, 1287 (Code Ann. § 26-1601).

11. The appellant's complaint about his five-year larceny sentence and the manner in which the court revoked probation are matters which have previously been decided against his contentions. See *Brand v. State,* 123 Ga. App. 273 (2) (180 SE2d 579).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 25, 1973 — DECIDED JULY 2, 1973.

Don Wayne Brand, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.