## 49194. TUCKER v. THE STATE.

STOLZ, Judge.

The defendant appeals from convictions of illegally selling heroin (with an 8-years sentence) and four counts of illegally selling marijuana (with sentences of one year for each count, concurrently, running consecutively to the 8-years sentence). *Held:*

1. The evidence authorized the verdict. The state's evidence consisted of the contraband purchased by Officer Spann from the defendant, Spann's testimony as to the purchases, and the corroborating testimony of Detective Jones, who, along with another detective of the Bureau of Drug Abuse Control, had Spann under their surveillance during this period of time. Although Spann could not recall a few minor aspects of the investigation, any discrepancies in this regard were immaterial and were properly weighed by the jury. Spann's testimony was clear and unequivocal as to the critical facts, such as the identity of the defendant, with whom he had met face to face at least six times, and the facts and circumstances of his drug purchases from the defendant.

2. The sentence of the court being within the limits prescribed by law for the offenses charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it, or say that it is unjust, extreme, or oppressive. *Anderson v. State,* 129 Ga. App. 1(1) (198 SE2d 329) and cits.; cf. *Baker v. State,* 131 Ga. App. 510 and cit.

3. The trial judge did not abuse his discretion in denying the defendant's motion to subpoena witness Spann's employment records from the Savannah Police Department for the purpose of proving Spann's contended failure of compliance with the provisions of the Georgia Peace Officer Standards and Training Act, Code Ann. Ch. 92A-21 (Ga. L. 1970, p. 208). A failure to comply, even if shown, would not be relevant here, where Spann did not make the arrest, and his sale of contraband and identification of the defendant as the purchaser were not necessarily done in the exercise of the "powers of law enforcement officers, generally." See Code Ann. § 92A-2115 (Ga. L. 1970, pp. 208, 215).

4. The trial judge did not err in excluding police

records of Willie Watkins, the defendant's cousin and roommate, since Spann's testimony clearly established Watkins as a separate person from the defendant, eliminating the possibility of mistaken identity.

5. Witness Spann's testimony, that his first encounter with the defendant was at a racially-mixed party, was not prejudicial as a matter of law, the defendant not having objected specifically to the admission of the testimony as to the racial composition of the party.

6. The trial judge, having properly excluded the evidence as to witness Spann's employment status with the police department, did not err in refusing to charge the jury as to the effect on said witness' credibility of his employment status, about which there was no evidence in the record.

7. In view of the fact that the trial judge did not err in his rulings on defense objections and motions, the defendant was not denied his right to a full and complete representation by his counsel, nor due process of law or equal protection of the law, as guaranteed by the State and Federal Constitutions.

*Judgment affirmed. Deen and Webb, JJ., concur.*

SUBMITTED APRIL 2, 1974 — DECIDED APRIL 24, 1974 — REHEARING DENIED MAY 14, 1974.

*Gerald H. Cohen,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner,* for appellee.