## 53943. PHILMORE v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of the sale of heroin and sentenced to 30 years. This appeal follows the denial of a motion for a new trial.

1. Appellant asserts on general grounds that the conviction cannot stand. The evidence shows that an undercover agent, after learning from appellant's companion that appellant had heroin, arranged to meet the appellant. At that meeting the agent asked whether the appellant had the heroin and the asking price. Appellant suggested that the sale take place in a remote location and agreed to ride in the undercover agent's car. The appellant handed the heroin over to the agent and received $150 in exchange.

In considering a motion on general grounds, this court will not disturb the verdict if there is any evidence to support the jury finding and no error of law appears. *Holman v. State,* 142 Ga. App. 376. There was ample evidence to authorize the conviction. *Tucker v. State,* 131 Ga. App. 791 (1) (207 SE2d 211). It is no defense that appellant did not receive the full purchase price agreed on for the sale of heroin but accepted something less. See

*McDuffie v. State,* 19 Ga. App. 39 (90 SE 740). Cf. *Huskey v. State,* 139 Ga. App. 752 (2) (229 SE2d 547) (that no profit made is no defense.)

2. "The sentence of the court being within the limits prescribed by law for the [offense] charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it, or say that it is unjust, extreme, or oppressive. [Cits.]" *Tucker v. State,* 131 Ga. App. 791 (2), supra.

3. Appellant argues that the court's failure to charge the jury on entrapment constituted reversible error. It is asserted that entrapment exists because agents initiated the events which resulted in the sale. This enumeration is without merit. "[T]here is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense. [Cits.]" *Benefield v. State,* 140 Ga. App. 727 (2) (232 SE2d 89). See also the recent decision of this court in *Smith v. State,* 141 Ga. App. 529 (233 SE2d 841). "The record here simply fails to raise an issuable defense of entrapment, and the trial court did not err in failing to charge on this subject. Criminal Code § 25-905; [Cits.]" *Thomas v. State,* 134 Ga. App. 18, 23 (213 SE2d 129).

4. Appellant contends that the court erred in denying his motion for mistrial. This motion was not timely made and was accordingly waived. *Barreto v. State,* 123 Ga. App. 117 (179 SE2d 650). Even if the motion were timely made, it would not have been error to deny the motion. At the trial the district attorney objected to appellant's asking where a testifying state undercover agent was staying. The district attorney requested that the agent "not be required to disclose the present location of a motel here in this County for her own protection." Appellant maintains that this comment prejudicially implied that appellant would harm the agent if he knew her location. No reasonable juror could possibly have drawn this inference.

5. Appellant seeks review of "several objections which the court should take notice of . . ." The objections are not identified or supported by argument. Accordingly, they are deemed abandoned. *Terrell v. State,* 138 Ga. App. 74 (5) (225 SE2d 470).

*Judgment affirmed. Quillian, P. J., and Banke, J.,*

*concur.*

SUBMITTED MAY 10, 1977 — DECIDED JUNE 8, 1977.

*Wraggs & Wraggs, W. A. Wraggs,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.