## 54498. MINOR v. THE STATE.

SHULMAN, Judge.

Defendant was tried and convicted for the sale of narcotics. He enumerates error to this court on the general grounds and on the overruling of his motion for a new trial based upon allegedly prejudicial comments made by the prosecutor in his closing argument.

1. The state made out its case primarily through the testimony of an undercover drug agent working for the Savannah Metro Drug Squad. "In considering a motion on general grounds, this court will not disturb the verdict if there is any evidence to support the jury finding and no error of law appears. *Holman v. State,* 142 Ga. App. 376. There was ample evidence to authorize the conviction. *Tucker v. State,* 131 Ga. App. 791 (1) (207 SE2d 211)." *Philmore v. State,* 142 Ga. App. 507 (1) (236 SE2d 180). See also *Rutledge v. State,* 142 Ga. App. 399, 400 (236 SE2d 143).

2. Defendant in his brief complains of several different comments by the prosecutor in his closing argument, but only one objection, made in the form of a motion for mistrial, is noted in the transcript. The objection concerns an alleged inference that an acquittal would be tantamount to not supporting the Metro Drug Squad. This, appellant contends, imposes an unreasonable burden upon the jury.

Appeals to convict for the safety of the community have at least by inference been upheld in *Hart v. State,*

227 Ga. 171 (3) (179 SE2d 346). "The language complained of introduced no new fact but was merely a forceful and possibly extravagant method adopted by the assistant district attorney of impressing upon the jury the magnitude of the offense and the solemnity of their duty as jurors. *Patterson v. State,* 124 Ga. 408 (1)˙ (52 SE 534); *Howell v. State,* 179 Ga. 401, 411 (176 SE 29); *Miller v. Coleman,* 213 Ga. 125, 129 (97 SE2d 313); *Wheeler v. State,* 220 Ga. 535, 537 (140 SE2d 258); *Martin v. State,* 223 Ga. 649, 650 (157 SE2d 458); *Holley v. State,* 225 Ga. 768, 770 (171 SE2d 528)." *Hart v. State,* supra, p. 174. See also *Berryhill v. State,* 235 Ga. 549, 552 (221 SE2d 185).

"A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291).

"Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence however illogical they may seem to the opposite party. See, *Wheeler v. State,* 220 Ga. 535 (140 SE2d 258), and *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148). The discretion of the trial court in handling these matters will not be disturbed on appeal except in clear cases of abuse and we find none here." *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244). See also *Inman v. State,* 72 Ga. 269, 278.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED
OCTOBER 11, 1977.

*Robert Paul Phillips, III,* for appellant.
*Andrew J. Ryan, III, District Attorney, Joseph D. Newnan, Assistant District Attorney,* for appellee.