## 54545. WILKERSON v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of theft by taking and appeals to this court on the general grounds and on the trial court's failure to charge on criminal attempt at theft by taking.

1. Although there was some conflict in the evidence, appellant was apparently caught with his hand in the till, in this case, a cash register in a Piggly Wiggly store. There was testimony that while a cashier bent over to recover change appellant had dropped, appellant pulled some $20 bills out of the cash register. Appellant testified that he had formed an intention to take the money, but at the last moment decided against it and did not commit the act. "'In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. [Cit.]' Harris v. State, 236 Ga. 766, 767 (225 SE2d 263)." Rutledge v. State, 142 Ga. App. 399, 400 (236 SE2d 143).

"In considering a motion on general grounds, this court will not disturb the verdict if there is any evidence to support the jury finding and no error of law appears. Holman v. State, 142 Ga. App. 376. There was ample evidence to authorize the conviction. Tucker v. State, 131 Ga. App. 791 (1) (207 SE2d 211)." Philmore v. State, 142 Ga. App. 507 (1) (236 SE2d 180).

2. Appellant's last enumeration of error contends that the court erred in failing to charge on the lesser offense of criminal attempt at theft by taking. "The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error. . . The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his failure to so charge as requested, if the evidence warrants such

requested charge or charges, shall be error." State v. Stonaker, 236 Ga. 1, 2 (222 SE2d 354). Here no request to charge was made nor did the evidence warrant such charge.

Judgment affirmed. Banke, J., concurs. Quillian, P. J., concurs in the judgment only.

SUBMITTED SEPTEMBER 16, 1977 — DECIDED OCTOBER 11, 1977.

Bishop & Hudlin, Richard A. Hudlin, Jr., for appellant.

E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney, for appellee.