## 56081. SHELTON v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was convicted of aggravated assault with intent to rape. Uncontradicted evidence showed that he and the prosecutrix worked in unskilled jobs in a nursing home; that the prosecutrix' father had told her to have nothing to do with him; that on the day in question, after leaving her job, she returned to the home to visit a friend; that the two persons were locked inside one of the rooms in the nursing home for five to ten minutes to

the knowledge of several persons in the vicinity; one of the other employees went to get a friend of the defendant's who came, beat on the door and told the defendant to unlock it, that the defendant and prosecutrix emerged and the latter immediately left the premises, that she seemed very upset but had made no outcry, and that when called that same afternoon by one of the supervisors she was told to forget it. There is contradictory evidence as to who first spoke to the other that afternoon, as to who followed the other around, and as to whether the prosecutrix entered the room of her own free will. She testified to events occurring inside the room which amounted to an attempt to rape, which actions were denied by the defendant. Taking the evidence in its light most favorable to the verdict it was sufficient for conviction and the motion to dismiss for failure to establish a prima facie case was properly overruled. *Green v. State,* 82 Ga. App. 402, 403 (61 SE2d 291) (1950).

2. In considering the remaining enumerations of error it is necessary to note that a series of prior charges against the defendant were introduced by his own counsel. Among these was a juvenile offense (age 15) of molesting a girl. During his adult life three charges of sexual misconduct had been preferred against him by a certain police officer, of which this was the latest; one of the others was dismissed and the second resulted in trial and acquittal. The defendant thus staked his defense on personal prejudice and lost. However, in the concluding argument the district attorney, putting an opposite construction on this otherwise inadmissible evidence, contended as follows: "You are the last cog in law enforcement. It's up to you whether you convict or acquit. You are the one. You are the last protection to this society. Now, I'm going to charge you right now that if you let this man go another victim has been chosen. We just don't know her name yet." Objection was made and the court ruled he would allow the argument. The state's attorney continued: "... I don't want to see another victim up here. I charge you that it's up to you to decide what you're going to do with this man. ... I know this man is guilty, and I've tried my best to convince you of it." An objection was then made and sustained to the words, "I know this man is

guilty."

Defendant's wife testifying in his behalf acknowledged that her husband: had been charged with and acquitted of assaulting women on two different previous occasions; charged with assault with intent to rape in 1964 on a juvenile resulting in defendant being sent to Augusta "for his safety because of her father"; charged with burglary in 1967; charged with rape and burglary in 1968; burglary in 1970; theft by taking in 1972; theft of a motor vehicle in 1972; forgery in 1973; theft by receiving stolen property in 1973; violation of the Uniform Narcotics Act in 1974; aggravated assault in 1975; burglary in 1976. Except for the sex charge on the juvenile in 1964 wherein defendant was sent to Augusta, and then entering a plea of guilty as to burglary and carrying a concealed weapon, she did not know of any other charges on the list wherein he was convicted.

The reiterated statement that if the defendant were acquitted by the jury there would be another victim and "we just don't know her name yet" is not a permissible inference from the fact that the defendant had previously been tried and acquitted of the two sexual offenses. The sexual charge and sending defendant away to Augusta, as well as the two other crimes defendant pled guilty to, were before the jury. In addition, the other charges listed by his wife where she did not know of the result were in evidence before the jury. It is improper for the district attorney to urge his personal belief either as to the defendant's guilt or the veracity of the witnesses, but he may draw such conclusions from facts proven. *Manning v. State,* 123 Ga. App. 844 (6) (182 SE2d 690) (1971). The facts proven in this case pertain to this case only. The defendant chose to put his prior criminal record in evidence in an attempt to convince the jury he was being persecuted. It failed of this result.

"A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. See 23A CJS 202, Criminal Law, § 1107; 53 AmJur 371, Trial, § 465." *Terhune v. State,* 117 Ga. App. 59 (5), 60 (159 SE2d 291) (1967).

"This boy is going to take these nembutals and *sell to yours and my kids* for a dollar apiece. If you want to turn him loose to do this, let him do it." (Emphasis supplied.) *Brand v. Wofford,* 230 Ga. 750 (9) (199 SE2d 231) (1973), representing an approved argument.

"District attorney characterizes the appellant 'as a brute, beast, an animal, and a mad dog who did not deserve to live.'" *Miller v. State,* 226 Ga. 730 (5) (177 SE2d 253) (1970), illustrating another approved argument.

The latter case illustrates flights of oratory containing extravagant, allegorical, symbolical, poetical mythology and false logic, but it does not necessarily require a mistrial or rebuke. *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534) (1905). The word "animal" includes "every living creature other than" women and men. 2 E.G. L. 3, Animals, § 2 (1976 Rev.). To equate, classify and characterize humans as brutes and beasts of the barnyard is far more degrading, dehumanizing, derogatory and detrimental to a defendant's case than arguing that there would be another victim, "we just don't know her name yet." The trial judge did not abuse his discretion and we find no reversible error.

*Judgment affirmed. Banke, J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JUNE 28, 1978 — DECIDED
JULY 14, 1978.

*Walker & Walker, Ralph W. Walker, II, Ralph Gerald Walker,* for appellant.

*Thomas J. Charron, District Attorney, Gary O. Walker, Assistant District Attorney,* for appellee.