## 36245. JOHNSON v. THE STATE.

BOWLES, Justice.

Payne Fair Johnson, Jr. was convicted of intentionally escaping from lawful confinement in the Richmond County Jail and sentenced to four years to run consecutively with an earlier sentence of life imprisonment. At the time of the escape Johnson had been confined at the Richmond County Jail pending an appeal of convictions in Richmond County for armed robbery and aggravated assault. Johnson appeals his conviction of escape, alleging numerous errors in the trial court.

We affirm.

I. (a) Johnson first argues that Code Ann. § 26-2501 which defines the offense of "escape" is unconstitutionally vague in that it fails to give notice of what activity is being prohibited. The statute states, in pertinent part: "A person commits escape when he: (a) having been convicted of a felony or misdemeanor, or of the violation of a municipal ordinance, intentionally escapes from lawful custody or from any place of lawful confinement."

None of the language used in this statute is too vague to be understood. Nor does it contain technical phrases or terms of art which would prevent persons of ordinary experience from understanding the conduct being prohibited. Under the United States Constitution the language of a statute must convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more." United States v. Petrillo, 332 U. S. 1, 8 (67 SC 1538, 91 LE 1877) (1946). See also, *Wilson v. State,* 245 Ga. 49 (262 SE2d 810) (1980).

We are of the opinion that this statute is not unconstitutionally vague and hold that it is sufficient to give notice of the prohibited

conduct to persons of ordinary intelligence.

(b) Defendant also argues that the trial court erroneously charged the jury on a definition of escape which is different from the statutory definition. The trial judge charged the jury that "A person commits escape when he, having been convicted of a felony, intentionally escapes from lawful custody or from any place of lawful confinement." This is substantially the definition of escape set out in the Code. Therefore, there is no merit to this argument.

II. Defendant next argues that the trial court erred in not granting him either a directed verdict or judgment notwithstanding the verdict since the State failed to rebut his prima facie defense of entrapment. Defendant claims that a Richmond County jailer knew of the plans of several inmates to escape and did nothing to prevent them, thus entrapping him into committing an escape.

Entrapment is a defense only "where the idea and intention of the commission of the crime *originated* with a government officer or employee." Code Ann. § 26-905. (Emphasis supplied.) Even if defendant's allegations that the jailer did nothing to prevent the escape are true, "there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338 ) (1969). The trial court did not err in failing to grant defendant's motions since defendant, under the facts presented, did not make out a prima facie defense of entrapment.

III. Defendant argues that the court denied him the right to personally examine the witnesses in addition to having his counsel examine them. Prior to trial a dispute arose between defendant and his counsel as to how the defense should be conducted. Defendant requested that the court permit him to ask each witness questions that he personally might have after his attorney had examined the witness. The court instructed defendant that either he or his counsel could question each witness, but that they could not both question the same witness. The court suggested that if defendant preferred to have his counsel examine a particular witness, defendant could submit any questions he wished asked of the witness to his attorney prior to the questioning. As each witness was called the court inquired of defendant whether he wished to examine the witness or if he wished his attorney to examine him.

We find this procedure to be proper. Although a defendant does have both a state and federal right to self-representation, "[w]here the defendant does have counsel to represent him, the trial court can require the examination and cross examination of witnesses to be conducted by one counsel only." *Burney v. State,* 244 Ga. 33, 36 (257 SE2d 543) (1979).

IV. Defendant contends that the trial judge erred in sentencing him to a greater sentence than was imposed on similarly situated defendants. Seven other prisoners escaped from the Richmond County Jail at the same time as defendant. Each of them pled guilty to the charge of escape and received a one-year sentence to run consecutively with sentences imposed on them in earlier trials. Defendant pled not guilty. He was not tried before the judge who had sentenced the other seven escapees. Defendant claims that because his record of prior convictions is substantially the same as the records of the seven other escapees, the four- year sentence he received is excessive. We do not agree.

Code Ann. § 26-2501 provides that a person convicted of escape "shall be punished by imprisonment for not less than one nor more than five years." "[T]his court has consistently held that where the sentences imposed are within the statutory limits, as they are here, they are not unconstitutional." *Jones v. State,* 232 Ga. 771 (208 SE2d 825) (1974). Furthermore, "the sentence received by one joint defendant is irrelevant on the trial of another." *Hill v. Stynchcombe,* 225 Ga. 125 (166 SE2d 729) (1969). Therefore, this argument must fail.

V. Defendant next contends that the trial judge improperly expressed an opinion in front of the jury on two occasions. First, defendant claims, the trial judge erred in ruling that "negligence of the keeper of the jail is no defense" to a charge of escape. This is a correct statement of the law. See, *Holt v. State,* 143 Ga. App. 438 (238 SE2d 763) (1977). During the course of a trial it is error for a judge to express his opinion as to what has or has not been proved. However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. *Central of Ga. R. Co. v. Harper,* 124 Ga. 836 (4) (53 SE 391) (1905); *Cochran v. State,* 136 Ga. App. 125 (220 SE2d 477) (1975).

Second, defendant avers that the trial judge should not have instructed the jury on the right of a defendant to remain in the custody of the county in which he was convicted pending an appeal arising from that conviction. This explanation was not improper.

VI. Defendant contends that the trial court erred in allowing the State to argue to the jury that defendant has raised a defense of negligence of the jailer when in fact, defendant had not.

During the trial counsel for defendant said that he "expect[ed] to show that through an accumulation of occurrences that the escape was precipitated by the negligence of Deputy Fuller" and "that through the negligence the defendant was entrapped into committing the offense." During the State's closing argument the district attorney told the jury. "[t]he defendant admits escape or

admits leaving, but he had raised a couple of defenses. Basically he has raised the negligence of the jailer. The negligence of the jailer is no defense." Counsel for the defendant objected and the court instructed the district attorney to refrain from arguing that defendant had raised negligence as a defense. In light of all circumstances the trial judge did not err in refusing to grant a mistrial on this ground.

VII. Defendant alleges that the trial court erred in failing to grant a mistrial because the State argued to the jury that they should not acquit defendant as this would reward him for escaping. Nor, he argued, should they "send a message to the jail that people can escape down there." Counsel for defendant objected and the judge instructed the jury to disregard those remarks. " 'A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard.' " *Shelton v. State,* 146 Ga. App. 763 (247 SE2d 580) (1978). We find that the remark made by the State in this case does not constitute grounds for a mistrial. See, *Brand v. Wofford,* 230 Ga. 750 (199 SE2d 231) (1973); *Miller v. State,* 226. Ga. 730 (177 SE2d 253) (1970).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 16, 1980 — DECIDED JULY 1, 1980.

*Powell & Snelling, Richard L. Powell,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.