65752. BLACK v. THE STATE.

CARLEY, Judge.

Appellant was convicted of one count of possession of marijuana with intent to distribute and one count of possession of cocaine. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion to

suppress. The contention in this regard is that the warrant was issued on an affidavit containing "stale" information. The affidavit recited that information had been received from an informant that contraband had been seen at appellant's residence "within the past 21 days." Also, "this informant stated that he had known [appellant] for the past 6 months and during that time he had been in the [appellant's] residence on a regular basis at 3 week intervals and each time [appellant] had drugs that he used, stored and sold on the premises." In addition to the above, the affidavit stated that further information had been received from a second informant "who stated that within the past 7 days he had personally seen cocaine, marijuana and prescription drugs being kept on the premises."

"[N]icely drawn time lines are simply inadequate to resolve staleness questions, for the ultimate question is whether, *under all the facts and circumstances of the particular case,* information about evidence is so fresh that there is probable cause to believe the evidence still exists in the same place, or is so stale that such a conclusion of probable cause is unreasonable . . . [Cit.]" *Tuzman v. State,* 145 Ga. App. 761, 764 (244 SE2d 882) (1978). Pretermitting consideration of whether the information received from the first informer "within the past 21 days" was stale, the information received from the second informant "within the past 7 days" was not. "In *Clyatt v. State,* 126 Ga. App. 779, 781 (192 SE2d 417) [(1972)], this court held that the information in the affidavit on which the warrant was based was not stale. The period was personal observation at the defendant's apartment 'within a week.' In *Grant v. State,* 130 Ga. App. 237(1) (202 SE2d 675) [(1974)], there was a 'five day interval between the date of the affidavit and the date of the information' and we held this period 'will not render the warrant invalid on the ground that the information was stale.' Under the tests enumerated in *Mitchell v. State,* 239 Ga. 456, 458 (238 SE2d 100) [(1977)], and *State v. Boswell,* 131 Ga. App. 657, 660 (206 SE2d 682) [(1974)], we do not find the period involved in this affidavit to render the information stale." *Giles v. State,* 149 Ga. App. 263-264 (254 SE2d 154) (1979).

Appellant further asserts that his motion to suppress should have been granted because the state's analysis "destroyed" the evidence and thus prevented appellant from having his own independent scientific test conducted.

In the first instance, destruction of evidence in the course of analysis by the state is not a ground upon which to seek the suppression of the results of the state's test. " 'By its clear terms, [OCGA § 17-5-30 (Code Ann. § 27-313)] furnishes a procedural device for the protection of constitutional guarante(e)s against unreasonable search and seizure only.' [Cit.]" *State v. Johnson,* 249

Ga. 413 (291 SE2d 543) (1982). In the second instance, the record does not support appellant's assertion that the evidence was "destroyed." What appears is that, pursuant to appellant's motion, the trial court properly granted appellant the limited right to conduct an independent analysis of the evidence. See generally *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977). Pursuant to this order, appellant's expert was in fact afforded the opportunity to inspect such evidence as was then in the possession of the state crime lab. Upon that inspection, it was discovered that, as a result of analysis, the contraband had changed from a solid to a distillate form, but there is no evidence that it had been destroyed. We find no error in the denial of the motion to suppress.

2. Apparently at the time of the execution of the search warrant, appellant had stated to the sheriff: "You caught me holding the most I've ever had." When this statement was subsequently brought into evidence at trial, appellant moved unsuccessfully for a mistrial on the ground that he had not been supplied with a copy of this statement purported to have been made by him. Appellant asserts that the trial court erred in failing to grant his motion for a mistrial.

Appellant had made no pre-trial motion pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302). Only a *Brady* motion had been filed. Accordingly, this enumeration is without merit. *McCarty v. State,* 249 Ga. 618 (292 SE2d 700) (1982).

3. Appellant asserts that the district attorney twice violated OCGA § 17-8-75 (Code Ann. § 81-1009) in his closing argument and that the trial court consequently erred in denying appellant's motions for mistrial. The first contested statement, apparently referring to high school student observers in the court room, was as follows: "Who was [appellant] going to sell [drugs] to? Who was he going to prey on? Who were the victims going to be in this case, ladies and gentlemen? Those students sitting right out there in the audience?" Appellant's argument in this regard is meritless. *Brand v. Wofford,* 230 Ga. 750, 754 (9) (199 SE2d 231) (1973). The second statement of the district attorney was the following: "You'll have an opportunity to make a decision, to make a decision that is going to speak for the citizens here in Jackson County. You'll have a chance as to whether or not you want to have a part in the war against drug trafficking and in the war against . . ." We likewise find that this portion of the state's argument was not violative of OCGA § 17-8-75 (Code Ann. § 81-1009). See *Minor v. State,* 143 Ga. App. 457(2) (238 SE2d 582) (1977).

Moreover, it appears that the trial court instructed the district attorney not to continue the line of argument and instructed the jury to disregard both comments. Accordingly, there was no error. See

generally *Ritter v. State,* 163 Ga. App. 158(2) (293 SE2d 547) (1982).

4. Appellant enumerates as error the trial court's instruction to the jury with reference to circumstantial evidence. It is apparently appellant's contention that the charge as given on this issue was erroneous because it did not include the following principle of OCGA § 24-4-6 (Code Ann. § 38-109): "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of guilt of the accused." However, our review of the transcript demonstrates that a charge in almost the exact language of OCGA § 24-4-6 (Code Ann. § 38-109) was in fact given. Accordingly, this enumeration of error is patently meritless.

5. Appellant enumerates as error the failure to give a certain requested instruction to the jury. According to appellant, "[f]or some reason" his requested charges are not in the record. As set forth in appellant's brief, the request relevant to this enumeration is a combination of several legal principles, the gist of all of which being' that mere presence at the scene of a crime would be insufficient evidence to authorize a conviction and that no inference of guilt could be inferred therefrom. Our review of the transcript demonstrates that the principles contained in appellant's refused "request" were otherwise adequately contained in the charge as it was given and that this was accomplished by the trial court's use of language which was considerably less confusing and less argumentative than that utilized in appellant's "request." Accordingly, we find no error.

6. Appellant enumerates as error the failure to give, without request, an instruction defining actual and constructive possession. "[A] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Thomas v. State,* 153 Ga. App. 686, 689 (266 SE2d 335) (1980). The trial court instructed the jury generally .that, in order to convict appellant, it would have to find that he violated the provisions of OCGA § 16-13-30 (a) (Code Ann. § 79A-811), making it "unlawful for any person *to possess or have under his control* any controlled substance." (Emphasis supplied.) In the absence of a more specific request on the issue, the instruction given by the trial court was an appropriate and adequate definition of both actual and constructive possession. "In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal. [Cits.]" *Dix v. State,* 238 Ga. 209, 215 (232 SE2d 47) (1977).

7. Relying upon the "equal access" rule, appellant enumerates

the general grounds as to his conviction for possession of marijuana with intent to distribute. The evidence demonstrates that 100 bags of marijuana, of a combined weight of 97 pounds, were found in a locked storage shed approximately 20 or 30 feet from the back door of appellant's residence. Although appellant testified that he had rented the storage building to his brother, appellant had a key to the lock. In appellant's house, some $10,418.00 in cash was discovered hidden in the freezer. Also, other drug paraphernalia, including two sets of scales for weighing drugs, were found in various rooms of appellant's residence. The evidence supports the verdict of guilty. See generally *Nixon v. State,* 139 Ga. App. 48 (228 SE2d 21) (1976); *Allen v. State,* 158 Ga. App. 691 (282 SE2d 126) (1981); *Miller v. State,* 155 Ga. App. 399 (270 SE2d 822) (1980).

8. It was not error to fail to grant appellant's motion for a directed verdict of acquittal. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1983 —
REHEARING DENIED JUNE 29, 1983

*Rodger E. Davison,* for appellant.
*Tim Madison, District Attorney,* for appellee.