## 71952. DAVIS v. THE STATE.
(343 SE2d 140)

DEEN, Presiding Judge.

On a June day in 1984 appellant Perry L. Davis, Jr., sat for several hours on the wall of the parking lot at the Salvation Army's Atlanta headquarters. When one of the uniformed officers, a Captain Graham, emerged from the headquarters building and went to his car, Davis came up behind him and without warning shot Graham three

times. All three bullets either were deflected by clothing or missed vital body organs and tissue, and Graham survived with no serious permanent injury. Neither the victim nor the assailant had ever previously seen or heard of each other.

Immediately after the shooting, Davis ran to a nearby intersection and flagged down a police car and reported to the patrol officer that he had just shot a man. The officer, who was en route to the Salvation Army headquarters in response to a call, handcuffed Davis, read him his *Miranda* rights, and transported him to the shooting scene; Davis was thereafter processed in the usual manner. While in custody Davis stated that certain disembodied "voices," which he had been hearing since 1972, had declared war on him and threatened him, and that in self-defense he had shot at a person whom he considered to be a minion of the fundamentalist-oriented "voices." Davis' psychiatric history showed that he had suffered mental problems for many years and had been admitted several times to hospitals or treatment centers, primarily in connection with such systematic delusions as the "voices."

At trial a Fulton County jury found Davis guilty but mentally ill. He received a twenty-year sentence, the trial court ordering that he be actively treated for his psychiatric disorder and that the Department of Human Resources submit to the court periodic reports on appellant's progress. On appeal Davis enumerates as error (1) the jury's finding, allegedly in the face of "clear" evidence to the contrary, that appellant was sane; (2) the court's charging the jury on justification; (3) allegedly improper prosecutorial comment during closing argument; and (4) the denial of appellant's motion for new trial based on the general grounds. *Held*:

1. Every criminal defendant is clothed in a presumption of sanity, and he has the burden of producing competent evidence to rebut that presumption to the satisfaction of the trier of fact. OCGA § 16-2-3; *Clark v. State*, 245 Ga. 629 (266 SE2d 466) (1980). Our examination of the entire record reveals that there was sufficient competent evidence to authorize a reasonable trier of fact to arrive at the verdict of "guilty but mentally ill." The appellant did not carry his burden of rebutting the presumption of sanity to the jury's satisfaction, and this enumeration is without merit.

2. Our review of the trial transcript indicates that the challenged jury instruction was adjusted to the facts of this case and was a proper statement of relevant law. Our review further persuades us that the trial court did not err in denying appellant's motion for new trial based on the general grounds. Appellant's second and fourth enumerations are also without merit.

3. In his summing up, the prosecutor made the following statements: "Well, who would Mr. Davis shoot next? . . . [T]he next time

it might be a fireman's uniform or a mechanic's uniform or . . . a nurse's uniform. . . . If you want to find that he's guilty but mentally ill, that is your choice. The evidence is that he has had some psychiatric history. But I would ask you, ladies and gentlemen, . . . could we decide to simply let Perry Davis go?" At that point appellant's counsel interposed, "Your honor, may I interrupt for just a second? I would like to object to the statement of simply let Perry Davis go." The trial court sustained the objection without comment, and the prosecutor concluded in only two additional sentences: "I would like you to return a verdict based upon the evidence in this case, either guilty or guilty but mentally ill. Thank you, ladies and gentlemen." The court then charged the jury. The defense neither requested curative instructions nor moved for mistrial, and the trial proceeded normally to its conclusion. Appellant's third enumeration of error reads, "It was error for the prosecutor to argue to the jury concerning punishment and possible future crimes that might be committed by the defendant."

It is the trial court's statutory duty to guard against the injection of possibly prejudicial prosecutorial comment: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender." OCGA § 17-8-75. "Given . . . timely objection to . . . improper argument, the court [has] an affirmative duty to instruct the jury to disregard said argument and to rebuke counsel for his remarks." *Green v. State*, 246 Ga. 598, 602 (272 SE2d 475) (1980). However, " '[c]ounsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence. . . .' [Cits.]" *Minor v. State*, 143 Ga. App. 457, 458 (238 SE2d 582) (1977). In the instant case, as indicated supra, the trial court neither rebuked counsel nor gave curative instructions *per se*, but merely sustained the objection and, after the state's final two sentences, supra, gave jury instructions which included the standard *caveat* that the verdict is to be based on the evidence. As further indicated supra, defense counsel sought neither curative instructions nor a mistrial.

"A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State*, 117 Ga. App. 59, 60 (159 SE2d 291) [(1967)]. "What the law forbids is the introduction into a case by way of argument[,] of facts which are not in the record and are calculated to

prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded." *Stancil v. State*, 158 Ga. App. 147, 148 (279 SE2d 457) (1981). If the challenged remark is not such as would be likely to prejudice the defendant's right to a fair trial, such will not constitute reversible error. *Ingram v. State*, 97 Ga. App. 468 (103 SE2d 666) (1958).

Careful scrutiny of the transcript of the case *sub judice*, together with examination of relevant case law, indicates that the prosecutor's remarks, while arguably offensive, do not rise to the level of reversible error. They allude to facts properly in evidence; namely, that Davis shot Graham, that the reason he chose him was that he was in uniform, and that Davis had a history of psychiatric ailments. In *Minor v. State*, supra, the prosecutor made a remark which allegedly suggested that an acquittal of accused drug dealers would be tantamount to not supporting the Metro Drug Squad. In holding, at 458, that the challenged remark was not error, the court cited *Terhune v. State*, supra, with regard to permissible prosecutorial latitude in illustrating the necessity for enforcing the law. In *Brand v. Wofford*, 230 Ga. 750, 754 (199 SE2d 231) (1973), the prosecutor stated in his closing argument: "This [defendant] is going to take these nembutals and sell to yours . . . and my kids. . . . If you want to turn him loose to do this, let him do it." The court held this to be "a reasonable deduction from the evidence which the prosecuting attorney was authorized to make." A similar rhetorical argument was employed by the prosecutor in *Black v. State*, 167 Ga. App. 204, 206 (305 SE2d 837) (1983), and this court, citing *Brand v. Wofford*, supra, and *Minor v. State*, supra, held the remarks not violative of OCGA § 17-8-75.

Prosecuting attorneys, whether out of zeal to ensure the punishment of the wrongdoer or out of fascination with colorful language and particularly with hyperbole, must constantly be on guard against falling into verbal excess of a kind or degree that will impinge upon the defendant's rights. Overstepping the line between permissible fervor and prohibited prejudicial expression is sometimes difficult to avoid, and prosecutors must be ever wary of this pitfall. Before launching off into flights of rhetorical overkill, they should carefully weigh the possible benefits against the clear and present danger of committing reversible error and thereby thwarting the very goal they seek to achieve. Moreover, the trial court must also be alert to this problem and should, out of an abundance of caution whenever such occasions arise, make it a point to rebuke counsel and instruct the jury to disregard the possibly prejudicial statements, whether or not there is a request to do so.

Applying the "highly probable" test to the facts of the instant

case, however, we find the challenged remarks not to constitute reversible error. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Jones v. State*, 159 Ga. App. 704 (285 SE2d 45) (1981).

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 19, 1986.

*Susan E. Teaster*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Assistant District Attorneys*, for appellee.