## A90A1967. BEASLEY v. THE STATE.
(401 SE2d 610)

BEASLEY, Judge.

Kenneth Beasley's conviction of two counts of sale of cocaine, challenged only with respect to the court's failure to give one of his requested charges, is affirmed.

The evidence showed that a special task force comprised of the GBI and local law enforcement agencies was investigating the sale of crack cocaine in southeastern Georgia. The Wagon Wheel Club in Claxton was under surveillance. On May 12, 1989, appellant approached the vehicles of undercover agents when they were in the vicinity of the Wagon Wheel, and they purchased crack cocaine from him on several occasions during the course of that day. A local police officer observed appellant selling what appeared to be drugs to people in passing vehicles throughout the day.

The jury charge which appellant sought was a cautionary instruction that the jury should not be influenced by public opinion or the attitude of the public in rendering its verdict. He relied on *McTyier v. State*, 91 Ga. 254, 255, 258 (6) (18 SE 140) (1892), which merely held that it was not error to give such a charge.

During voir dire examination, defense counsel informed prospective jurors that he wanted to question them concerning "the news coverage of the events. I know that Mr. Beasley was on television on the Operation Crackdown film that came out on the news. Did any of you see that film? Did you see Mr. Beasley on TV? If you did, would you please raise your hand." The transcript records that approximately one-half of the prospective jurors raised their hands. Neither evidence nor argument concerning publicity or media coverage relating to Operation Crackdown was otherwise introduced or presented at trial. Nor is it shown whether any of those who raised their hands actually served on the trial jury.

It is a "fixed rule" that the determination of whether a cautionary instruction is to be given "generally address[es itself] to the sound discretion of the trial judge." *Emory Univ. v. Lee*, 97 Ga. App. 680, 698 (4) (104 SE2d 234) (1958).

"Where nothing in the record indicates that any improper circumstance was injected into the case, and the charge of the court fully and accurately instructed the jury on the issues involved, a new trial will not be granted because of the refusal of the court to give a cautionary request. . . ." *Johnson v. State*, 128 Ga. 102 (2) (57 SE 353) (1907); *Emory Univ. v. Lee*, supra.

"Though it may be proper to give a cautionary instruction in an appropriate case, the judge is not bound to do so. . . . A prophylactic instruction has no tendency to elucidate the issue; it only sounds a note of warning that the jury must not be influenced in their delibera-

tions because of the character of the particular crime, or the bias of popular opinion, or because of other foreign and extraneous matters." *Johnson v. State*, supra, 104-105 (2).

The trial court did not abuse its discretion.

In addition, appellant complains that various statements made by the prosecutor in closing argument to the jury entitled him to the charge. These statements were either responsive to remarks made by defense counsel in closing argument, or constituted comments on the evidence or reasonable deductions therefrom. See *Perry v. State*, 191 Ga. App. 589, 590-591 (2) (382 SE2d 402) (1989); *Conner v. State*, 251 Ga. 113, 122-123 (6) (303 SE2d 266) (1983). What the law condemns is the injection of extraneous and prejudical matters which have no basis in the evidence. *Robinson v. State*, 257 Ga. 194, 196 (4) (357 SE2d 74) (1987). That did not occur.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Hal T. Peel*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.