## 53321. DAVID SHAPIRO & COMPANY, INC. v. TIMBER SPECIALTIES, INC.

STOLZ, Judge.

The appellee sued the appellant on open account for the unpaid balance due on the sale of building materials. Judgment was based on a jury verdict in the appellee's favor, and the appellant appeals.

The appellee furnished lumber to the appellant, a general contractor, for an apartment project. A lien was placed on the property. The owner of the realty subsequently desired to have the lien removed from its property. The appellee agreed to release the lien in consideration of payment by the owner of over $10,000 of the approximately $15,000 owed to the appellee by the appellant. To that end, the appellee signed a document entitled "Waiver of Lien," releasing their lien on the owner's property. The document concluded "The [appellee] hereby certifies that all labor and/or materials furnished or used on the above-described premises for which this waiver of lien is executed have been paid in full."

In the instant case, the appellee sued the appellant for the $5,122.05 balance remaining on the account. The appellee pleaded accord and satisfaction. There is evidence that the appellee never intended to release the appellant from its obligation by its "Waiver of Lien."

1. The appellant objected to the admission in evidence of a certain letter allegedly mailed by the appellee to the appellant. The objection was overruled. Earlier in the trial, however, the letter was completely read into the transcript under oath, and no objection was raised to that testimony.

"Where a party to a cause on trial permits, without objection the introduction of irrelevant and inadmissible testimony, the refusal of the court to sustain an objection subsequently urged, to the admission of substantially the same evidence as that already admitted, will not work a new trial. The failure to object sooner may be deemed to be a waiver of the objection." *Cooley v. Bergstrom,* 3 Ga. App. 496 (2) (60 SE 220) (1907); see *Dickens v. Adams,* 137 Ga.

App. 564 (2) (224 SE2d 468) (1967); *Strother v. S. Expressway Radio,* 132 Ga. App. 771 (6) (209 SE2d 93) (1974); *Daughtry v. Savannah & S. R. Co.,* 1 Ga. App. 393 (3) (58 SE 230) (1907).

2. Another enumeration of error deals with that portion of the charge concerning failure to answer a letter and admission by silence. The appellant objected at trial to the charge only "on the grounds that it is not applicable to the facts." Based upon this court's ruling in *Harper v. Ga. S. & F. R. Co.,* 140 Ga. App. 802 (7) (1976), we must find the appellant's objection to lack the necessary specificity to raise an issue on appeal.

3. The appellant claims that the trial judge erred in his charge on accord and satisfaction. When the initial charge on this principle was the subject of objection by the appellant, the court proposed language for a recharge of that portion to which objection was made. The judge then requested objections from counsel as to the proposed wording. No objections were offered. After the jury was recharged with the proposed language, the appellant again failed to voice any objection. The appellant's failure to except to the recharge, as required by Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1916, pp. 493, 498; 1968, pp. 1072, 1078), constitutes a waiver. *Gibson's Products Co. v. Mansfield,* 128 Ga. App. 186 (3) (196 SE2d 353) (1973).

4. The appellant claims that the waiver of lien was clear, unambiguous, and subject to only one interpretation; the appellant claims that both the appellant *and* the property owner were released from all obligations to the appellee by the documents. It might be more reasonable, however, to construe the waiver of lien to be exactly what its name implies — the waiver of a lien against property and not the waiver of a third party's obligations under an open account. Furthermore, it would be reasonable to construe the sentence of the document in which the appellee stated that "all labor and/or materials furnished on the above described premises . . . have been paid in full" as meaning that the recipient of the waiver, i.e., the property owner, did not owe the appellee any further money. After application of the rules of construction, we find an ambiguity to exist in the

document. Thus, a jury question was raised, and the appellant was not entitled to judgment as a matter of law. See *Chambliss v. Hall,* 113 Ga. App. 96 (4) (147 SE2d 334) (1966).

5. At oral argument, the appellant waived its enumeration of error dealing with the trial court's denial of its motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 3, 1977 — REHEARING DENIED FEBRUARY 23, 1977 —

*Walter J. Lane, Jr., Randall P. Harrison,* for appellant.

*Blackburn & Bright, J. Converse Bright,* for appellee.

