A92A1526. BENNING CONSTRUCTION COMPANY et al. v. ALL-PHASE ELECTRIC SUPPLY COMPANY.
(424 SE2d 830)

BEASLEY, Judge.

Defendants Benning Construction Company and St. Paul Fire & Marine Insurance Company were granted interlocutory appeal from two separate orders of the trial court, which denied judgment to defendants in two suits by All-Phase Electric Supply Company to collect on bonds which had discharged materialman's liens. No notice of appeal was filed in the second suit (No. 91-A-46172-1), so it is not a part of this appeal. The issue is whether or not All-Phase's execution of a document entitled "Waiver and Release of Lien" precludes its suit against St. Paul. It does not.

In late 1990, Benning acted as general contractor for construction of a shopping center. One general contract, between Benning and the developer, Horne Properties, Inc., provided for the construction of a K-Mart and several smaller retail shops. A second general contract, between Benning and Horne's tenant, Ingles Markets, Inc., was for construction of a grocery store.

Beginning in January 1991, All-Phase provided Benning's subcontractor, Harp Electric Company, Inc. with materials and supplies for use in construction of the shopping center and each portion of the project. Harp failed to pay All-Phase for the supplies and ceased work in April. A. C. Henderson Electric Company replaced Harp as electrical subcontractor about May 1. It likewise purchased materials for the project from All-Phase.

On May 6, All-Phase filed a materialman's lien on each portion of the project for the alleged unpaid balances of $181,413.20 (K-Mart) and $88,632.85 (Ingles). See OCGA §§ 44-14-361; 44-14-361.1. On May 13, Benning filed a bond to discharge these liens in the principal sum of $540,091.74 with St. Paul as surety. See OCGA § 44-14-364.

Henderson paid for certain of the materials it purchased from All-Phase on June 25 and July 31. At the time of each payment, All-Phase, via its district credit manager McMillin, executed a "Waiver and Release of Lien." Each such document provided that All-Phase "does hereby waiver and release any and all liens, claims of rights to liens and demands of every kind whatsoever which said Corporation may now or hereafter have against the above-described real property for labor and materials furnished for the making of improvements upon said real property. . . . That this Waiver and Release of Lien is effective for labor and materials furnished through [May 31, 1991/

June 30, 1991] and the consideration received by the undersigned represents payment in full of all amounts due [All-Phase] in connection with said improvements to the date hereof."

This appeal involves All-Phase's suit against Benning as principal and St. Paul as surety on the bond associated with the K-Mart portion of the project.

Benning and St. Paul contend that the unambiguous language of the lien waivers operated to dissolve the two liens in question and all previously filed liens, for OCGA § 44-14-361.2 (a) (1) provides "[t]he special lien specified in subsection (a) of Code Section 44-14-361 shall be dissolved if the owner, purchaser from owner, or lender providing construction or purchase money or any other loan secured by real estate shows that: (1) the lien has been waived in writing by lien claimant; . . ." We need not address whether Benning and/or St. Paul have status under such provision or whether parol evidence could affect the meaning of the waiver, because the answer lies elsewhere.

When Benning and St. Paul posted the bond on May 13, 1991, to discharge All-Phase's liens, "the real property [was] discharged from the lien[s]." OCGA § 44-14-364 (a). The bond served as a replacement for the lien, and there was no longer any lien against the property to be foreclosed. All-Phase's claims were then predicated on the bond, which is subject to contract law. See *Linco Constr. Co. v. Tri-City Concrete*, 161 Ga. App. 174, 176 (1) (288 SE2d 125) (1982). Thus, when All-Phase executed the waivers of lien against the real property several months later, there was no lien against the property upon which the waiver might act. A lien which may be dissolved by a waiver pursuant to OCGA § 44-14-361.2 (a) (1) is a special lien specified in OCGA § 44-14-361 (a); no such lien remained after the bond was posted.

All-Phase's contract claims against Benning and St. Paul were not affected by the subsequent waiver and release of liens. The superior court correctly denied summary judgment for Benning and St. Paul.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992

*Kilpatrick & Cody, H. Quigg Fletcher III*, for appellants.
*Davis, Kirsch & Wolfe, Dock H. Davis*, for appellee.