A92A1675. KOLB et al. v. HOLMES.
(427 SE2d 562)

BIRDSONG, Presiding Judge.

Anton and Irene Kolb appeal from a jury verdict and judgment in favor of plaintiff Brigitte Holmes, for $67,500 plus $14,000 interest, plus costs. Appellants bought a house from Mrs. Kolb's nephew, Lee Holmes, pursuant to an oral agreement. According to appellants' assertion in their appellate brief, the agreed price was the amount of the mortgage, $106,408.39, and it came to light at the closing that

ownership was not in Lee Holmes' name but was in the name of his former wife, Brigitte Holmes. Brigitte Holmes agreed to enforce the sale. Appellants assert they never saw an appraisal before they bought the house and that there was no agreement to pay Mrs. Holmes additional money.

Appellee Brigitte Holmes showed evidence that appellants did see the appraisal (at $180,400) prior to closing; that she and they agreed on a fair market value of $181,000; and that there was an oral agreement to pay her $67,500, representing her equity in the house. Following appellants' refusal to pay Mrs. Holmes the additional amount, she filed this suit.

The Kolbs filed a motion in limine pursuant to OCGA § 13-5-30 to prevent evidence of an oral agreement that they would pay Mrs. Holmes an additional sum. They also sought to prevent evidence of their financial condition, including the fact that they had won six million dollars in the Illinois lottery. *Held*:

1. Evidence of the oral agreement between appellants and Mrs. Holmes was not inadmissible as contravening the statute of frauds, OCGA § 13-5-30. This agreement was excepted from OCGA § 13-5-30, since the agreement to sell had been fully executed by Mrs. Holmes' conveying the house to appellants based on that oral agreement (OCGA § 13-5-31 (2)); and with the conveyance of the house there was "such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31 (3). The purpose of the statute of frauds is to prevent frauds and perjuries incident to the admission of parol testimony (*Turner v. Lorillard Co.*, 100 Ga. 645, 650 (2) (28 SE 383)), but obviously where the parties agree to enforcement of the agreement, OCGA § 13-5-30 provides no basis to allow a party to enforce part of an oral agreement while refusing to perform the whole agreement (see *Stringer v. Stringer*, 93 Ga. 320 (20 SE 242)), and OCGA § 13-5-31 provides specific exceptions to the statute of frauds on that basis.

This agreement to pay Mrs. Holmes for her equity in the house was obviously part of the full oral agreement for appellee's sale of the house to appellants. The Kolbs, in effect, sought to enforce an oral agreement for purchase of the house for $107,000, while denying Mrs. Holmes the right to enforce the part of the agreement which called for them to pay her for her equity in the house. According to OCGA § 13-5-31, the Kolbs have no right to assert § 13-5-30 to prevent proof of this part of the parties' agreement.

2. Appellants complain of the admission of evidence of their wealth. The rule generally is that the law favors admissibility of any relevant evidence, however slight its probative value. *Daras v. State*, 201 Ga. App. 512, 513 (411 SE2d 367). We cannot say this evidence was without relevance. Inasmuch as Mrs. Holmes retained no security

interest and had no written evidence of an additional indebtedness for her equity in the house, a question arises as to why she would rely on an oral promise to pay such a large sum; the jury might resolve the issues by determining the likelihood or reasonableness of appellants' having agreed to pay Holmes for her equity in the house, according to their ability to perform. See *Estfan v. Poole*, 193 Ga. App. 507, 510 (3) (388 SE2d 373). Evidence is relevant if, either directly or indirectly, it tends to illustrate or explain the issue, or aids the jury in arriving at the truth. *Yelverton v. State*, 199 Ga. App. 41, 42 (403 SE2d 816). While generally the wealth of the parties is utterly irrelevant, the relevance of this evidence is demonstrated by the fact that if the Kolbs were very poor, and well known to be poor, they themselves might legitimately have sought to admit that evidence to show the unreasonableness of their having made a promise to pay Brigitte Holmes an additional $67,500. Likewise, the evidence as to their great wealth may tend to prove the reasonableness of the Kolbs' promise to pay Holmes for her equity in the house not only as compensation for property conveyed but to induce her to go along with her former husband's oral agreement for the sale of the property. Moreover, in the circumstances of this case, where the Kolbs were allowed to enforce an oral agreement for the sale, it may have been unfair to exclude the evidence of their great wealth and hence their ability to perform the entire oral agreement for compensation. In circumstances where there is any relevance of such evidence, however slight, the rich should not have the benefit of an evidentiary ruling denied to the poor. Questions as to admissibility of evidence are vested in the trial court; unless the trial court abused its discretion, we will not interfere, especially in view of the rule favoring admissibility of evidence to discover the truth. *Estfan*, supra at 510-511. The admission of evidence as to appellants' financial condition was not error.

3. It follows that the trial court did not err in denying appellants' motion for new trial.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 29, 1993.

*McDonald, Kinnamon & Thames, Gregory H. Kinnamon*, for appellants.

*Minor, Bell & Neal, Rickie L. Brown, Robert D. Jenkins*, for appellee.