A94A2236. PRIMUS PHARMACEUTICALS, INC. v. GLOVIER.

(450 SE2d 832)

BIRDSONG, Presiding Judge.

Primus Pharmaceuticals, Inc. appeals from a jury verdict and judgment finding in favor of Ralph Glovier in his suit claiming that Primus agreed to provide $200,000 in benefits to his estate on his death, payable out of a life insurance policy procured by Primus. Appellee Glovier initiated plans to start Primus as a company selling prescription drugs, and he served as president of the company. Through its board of directors Primus purchased a $1,000,000 "key man" life insurance policy on Glovier's life, with Primus as beneficiary. According to Glovier, part of his company benefits included the agreement that out of the proceeds received by Primus from this insurance policy, Primus would pay Glovier's estate $200,000. After Glovier learned he had cancer, he retired from employment with Primus. Thereafter, because of its declining business, Primus sold its "key man" insurance policy for $500,000. Primus then declared it had no obligation to pay Glovier's estate $200,000 on his death because

there was no insurance agreement in writing and, further, because a condition of the agreement was that Glovier must be in the employment of Primus at the time of his death. The jury returned a verdict finding that there was no such condition on Glovier's entitlement to that money for his estate, and that he is entitled to it.

Primus contends the trial court erred in failing to charge the jury that a contract of life insurance must be in writing to be binding, and in failing to charge the definition of a contract of life insurance pursuant to OCGA § 33-25-1; erred in admitting testimony evidence of Glovier's medical condition; and erred in denying Primus' motions for directed verdict, judgment n.o.v., and new trial. *Held*:

1. The trial court did not err in failing to charge on the definition of a life insurance contract under OCGA § 33-25-1. Glovier's suit is not a suit claiming breach of a life insurance contract. Rather, he claims Primus breached an oral agreement to pay his estate certain money, which happened to be a portion of the proceeds of a policy of which Primus was beneficiary. Glovier does not contend that Primus agreed to insure his life for him as beneficiary. According to OCGA § 33-25-1, a contract of life insurance is one whereby the "insurer" assumes an obligation to be performed on the death of the insured; an "insurer" is one who issues insurance. OCGA § 33-1-2 (4). As the evidence establishes conclusively that Primus was not an insurer, and this is not a claim against the insurer on a life insurance contract, a charge on OCGA § 33-25-1 was not authorized.

2. Neither was the trial court required to charge that a life insurance policy must be in writing to be binding (see *Thomas v. Union Fidelity Life Ins. Co.*, 168 Ga. App. 267 (308 SE2d 609)); this suit was not filed to enforce a life insurance policy. This suit was filed to enforce Primus' oral agreement to pay Glovier's estate $200,000.

3. Primus asserts that as this agreement could not be enforced within a year, it was barred by the statute of frauds. However, the statute of frauds is not applicable to an agreement for an indefinite period terminable at will or where there is a possibility of performance in one year. *Blum v. Air Center Gwinnett*, 201 Ga. App. 313, 315 (411 SE2d 88).

4. Primus contends the evidence that Glovier retired from employment because of his "serious illness" was irrelevant to the enforceability of this agreement and highly prejudicial. However, inasmuch as the jury concluded that the agreement was not conditioned on a requirement that Glovier be employed by Primus at the time of his death, the admission of evidence that he retired because of his serious illness was, at worst, harmless. Moreover, the evidence was relevant to the jury's consideration of the reasonableness of such a condition on the agreement and whether Glovier would reasonably have agreed to such a condition. See similarly *Kolb v. Holmes*, 207

Ga. App. 184 (2) (427 SE2d 562). Generally the law favors admissibility of any relevant evidence, however slight its probative value. Id.; *Daras v. State*, 201 Ga. App. 512, 513 (411 SE2d 367).

5. As there is evidence to support the verdict, it cannot be said that the evidence and all reasonable inferences therefrom demanded a contrary verdict, and the trial court did not err in denying appellant's motions for judgment n.o.v. and directed verdict (*Moore v. American Suzuki Motor Corp.*, 211 Ga. App. 337, 341 (439 SE2d 43)), and for new trial.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED DECEMBER 2, 1994 —

*Phillips & Messer, Arthur L. Phillips,* for appellant.
*Daryl J. Morton,* for appellee.