A95A0266, A95A0267. WILLIAMS et al. v. MEMORIAL MEDICAL CENTER, INC.; and vice versa.

(460 SE2d 558)

BEASLEY, Chief Judge.

Annlyn and James Williams instituted this action claiming the wrongful death of their son Trent. The primary issue was whether medical malpractice by hospital personnel occurred and caused the death. OCGA § 51-1-27.

The child was born about eight weeks prematurely at Memorial Medical Center and was not discharged until he was four months old. Seven weeks later, he contracted pneumonia and was admitted to Memorial and treated for about one week. After one week at home, he was readmitted to the pediatric intensive care unit and treated for residual pneumonia. It is during this latter visit that the alleged malpractice occurred.

Plaintiffs maintain that after the infant was readmitted, a ventilator was inserted in his throat to aid respiration but became dislodged; that personnel of Memorial failed to adhere to the standard of care required in the medical profession generally, under the circumstances, by not employing appropriate and timely resuscitative efforts to reintubate him; and that as a result, he suffered severe brain damage and died 11 months later.

Plaintiffs originally named Memorial and Dr. Ferrer as defendants. Upon learning that Ferrer had been an employee of Memorial but had left the United States and had died, they filed an amended complaint naming Memorial as the sole defendant. The trial proceeded on a renewed action after plaintiffs voluntarily dismissed the first action without prejudice pursuant to OCGA § 9-11-41 (a).

In Case No. A95A0266, plaintiffs appeal the final judgment entered on a jury verdict in favor of Memorial. In Case No. A95A0267, Memorial cross-appeals the denial of its motion for summary judgment.

1. Plaintiffs contend that the court erred in granting Memorial's motion in limine, refusing to allow them to introduce evidence that Ferrer failed his pediatric board examination. They also contend that the court erred in preventing them from showing that Ferrer had dropped out of his pediatric residency program. Both matters related to Ferrer's professional qualifications.

In granting the motion, the court ruled that plaintiffs could show that Ferrer was not board certified but could not show that he failed the board examination. The court repeated the ruling at trial, when plaintiffs argued that they should be allowed to show the failure because Memorial's attorney had falsely stated during her opening remarks that Ferrer had successfully completed his residency program. These are two different subjects.

Although the court did prevent plaintiffs from showing that Ferrer failed to pass his board examination, this was not error. "A physician's inability to pass certification and licensure examinations does not make probable his negligent performance of a specific procedure. [Cits.]" *Beis v. Dias,* 859 SW2d 835, 839 (6) (Mo. Ct. App. 1993). Such evidence has little if any relevance to the issue of whether the physician complied with the standard of care required in his treatment in a given case. *Douglas v. University Hosp.,* 150 F.R.D. 165, 171 (10) (E. D. Mo. 1993), aff'd, 34 F3d 1070 (8th Cir. 1994). That is the issue in a medical malpractice case, OCGA § 51-1-27, as explained in *Hayes v. Brown,* 108 Ga. App. 360, 363 (1) (133 SE2d 102) (1963).

The trial court allowed plaintiffs to show that Ferrer was not board certified, notwithstanding the fact that plaintiffs' own expert testified that the applicable standard of care did not require that he be board certified to staff the pediatric intensive care unit and serve as the unit's first on-call physician. We find no abuse of discretion in the court's refusal to allow evidence that Dr. Ferrer took but did not pass the board examination. OCGA § 24-2-2; *Sommers v. Friedman,* 493 NW2d 393, 398 (2) (Wis. Ct. App. 1992).

As to the residency program, the record does not support plaintiffs' assertion that the court prevented them from showing that Ferrer did not finish it. The court ruled they could show it, to impeach the testimony of his supervising physician that Ferrer did complete his pediatric residency in Texas. Plaintiffs simply offered no evidence to the contrary, so OCGA § 24-9-82 was not violated.

Defendant later showed that Ferrer was not board certified nor did he claim to be, but that he was a skilled pediatric physician and competent intubator.

2. Plaintiffs contend that the court improperly allowed Memorial to introduce in evidence the discharge summary of the child's initial four-month hospitalization at Memorial following his birth, because it contained diagnostic opinions. They argue that such evidence exceeds the bounds of OCGA § 24-3-4. *Dunn v. McIntyre,* 146 Ga. App. 362, 363 (2) (246 SE2d 398) (1978), sets out the rationale for not encompassing such statements. The court allowed Memorial to admit the entire document in evidence, for the reason that these diagnoses had been discussed in detail by plaintiffs' own witnesses during cross-examination and by other witnesses without objection by plaintiffs. By introducing the subject, plaintiffs waived the objection. *David Shapiro & Co. v. Timber Specialties,* 141 Ga. App. 354, 355 (1) (233 SE2d 439) (1977). In so ruling, we do not reach the question of the summary's admissibility in this instance or the question of harm.

3. Plaintiffs contend that testimony by one of Memorial's administrators, stating the names of local physicians who had completed residency training programs at Memorial, was irrelevant and inadmis-

sible hearsay.

The trial involved the issue of whether Memorial was qualified to treat the child. In that regard, we cannot say that this evidence did not have at least slight probative value, in that it "render[ed] the desired inference more probable than it would be without the evidence." *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987). Consequently, the court did not abuse its discretion in admitting it as relevant. OCGA § 24-2-1. *Adams v. Wright*, 162 Ga. App. 550, 553 (6) (293 SE2d 446) (1982); see *Kolb v. Holmes*, 207 Ga. App. 184, 185 (2) (427 SE2d 562) (1993).

As to the second objection, that the evidence was hearsay, it was not made at trial. To be preserved for appellate review, the ground of the objection must be raised and ruled on at trial. *Dietz v. Becker*, 209 Ga. App. 678, 679 (3) (434 SE2d 103) (1993). Moreover, testimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of the matter asserted in that statement. OCGA § 24-3-1. *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990). The administrator, who had been at Memorial since 1976, was testifying from his personal knowledge of local doctors who had trained at Memorial.

4. Plaintiffs contend that the court erred in refusing to give a curative instruction after defense counsel made an improper closing argument.

The trial court refused to consider plaintiffs' objection on the ground that it was not made until after defense counsel had finished his closing argument and was therefore untimely. To the contrary, plaintiffs' objection made during trial was timely. See *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (5) (345 SE2d 56) (1986). Nevertheless, we find no harmful error.

In his closing argument, defense counsel stated he was asking for a complete defense verdict rather than a compromise "[b]ecause there isn't any negligence in the case, and if hospitals are going to be hit with big jury awards because bad things happen within their walls and people do not do well, because there is an extraordinary and significant crisis, and juries just decide, well, you know, let's just do something nice, the whole system's going to break down."

This argument crosses the boundary between proper and improper argument, as there is no evidence in the record about the system breaking down, and the argument is clearly designed to appeal to the jurors' fears and prejudices. " ' "What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. . . ." (Cit.) . . .' [Cit.]" *Perry v. State*, 191 Ga. App. 589, 591 (2) (382 SE2d 402) (1989).

A review of the context and nature of the argument in this case

precludes a conclusion that it contributed to the verdict. Defense counsel acknowledged that the jury could award damages if they found the doctor was negligent; it was only if they found no negligence, but were tempted to award damages anyway, that his argument — that an award where there has been no negligence would break the system — would come into play. Thus, while the argument was improper and should have elicited a rebuke and instruction from the court, see OCGA § 9-10-185, it does not provide the basis for a new trial.

5. The cross-appeal is dismissed as moot.

*Judgment affirmed in Case No. A95A0266. Appeal dismissed in Case No. A95A0267. Ruffin, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I disagree with some of the majority's analysis in Division 1, but nonetheless concur with its decision to affirm.

I agree that the trial court's initial ruling that Dr. Ferrer's failure of his board examination was inadmissible was proper. See, e.g., *Sommers v. Friedman*, 493 NW2d 393 (Wis. Ct. App. 1992). This evidence was essentially "bad character" evidence which, if logically relevant to what happened during the incident in question at all, was more prejudicial than probative. See OCGA § 24-2-2. And since this was the only time plaintiffs elicited a ruling on the question, we cannot conclude that the trial court erred.

But I think it important to note that once defendant started eliciting testimony about what a generally good doctor Dr. Ferrer was and what a generally good hospital defendant was, it opened the door for plaintiffs' evidence of Dr. Ferrer's failure of his board examination. Plaintiffs did not try to introduce this evidence again, however, and thus deprived the trial court of the opportunity to consider this question.

DECIDED JULY 12, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 —

*Joseph B. Bergen, Frederick S. Bergen,* for appellants.
*Alston & Bird, Judson Graves, Holly H. B. Barnett,* for appellee.