S06G0559. SNIDER et al. v. BASILIO et al.
(637 SE2d 40)

THOMPSON, Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Snider v. Basilio*, 276 Ga. App. 315 (623 SE2d 521) (2005), and posed this question: In what circumstances, if any, is evidence of a nurse's failure to pass a licensing examination admissible in a medical malpractice action against the employing physician?

Rebecca and Matthew Snider brought this medical malpractice action against Dr. Florida Basilio, a pediatrician, Magelie DeVera, her nurse, and others. The cause of action arose when the Sniders' six-month-old son, Luke, became sick and they called Dr. Basilio's office. The weekend call was answered by Ms. DeVera, an unlicensed nurse who graduated from nursing school but failed to pass the nursing licensing examination three times. Ms. Snider relayed Luke's symptoms and told Ms. DeVera that Luke had been to an after hours clinic where he had been diagnosed with a stomach virus. Ms. DeVera advised Ms. Snider that Luke should be given fluids and a special diet. Ms. DeVera did not call Dr. Basilio after giving that advice. Early the next morning, Ms. Snider called and spoke with Dr. Basilio

directly. The doctor advised the Sniders to give Luke a bottle because he probably was hungry. When Ms. Snider called back again, she was told she could bring Luke to the office. Ms. Snider took Luke to a hospital emergency room instead. Ultimately, Luke was diagnosed with bacterial meningitis resulting in brain damage and quadriplegia.

At trial, the Sniders introduced expert testimony that Dr. Basilio violated the standard of care by permitting an unlicensed nurse to answer weekend calls and give advice without consulting a supervising physician. To support that testimony, the Sniders showed that Ms. DeVera was not licensed. However, the trial court did not allow the Sniders to show that Ms. DeVera failed to pass the nursing board examination. The Court of Appeals affirmed that aspect of the case, *Snider v. Basilio*, supra at 317, 318, and we granted certiorari. We now affirm.

In *Williams v. Memorial Med. Center*, 218 Ga. App. 107 (460 SE2d 558) (1995), plaintiffs brought suit against a hospital for the death of their six-month-old son. The trial court granted the hospital's motion in limine to exclude evidence that the attending physician failed his pediatric board examination. In granting the motion, the trial court ruled, however, that plaintiffs could show the physician was not board certified. The Court of Appeals affirmed, finding no abuse of discretion in the trial court's refusal to allow evidence that the physician took, but did not pass, the board examination. In so doing, our appellate court observed:

> A physician's inability to pass certification and licensure examinations does not make probable his negligent performance of a specific procedure. [Cits.] *Beis v. Dias*, 859 SW2d 835, 839 (6) (Mo. Ct. App. 1993). Such evidence has little if any relevance to the issue of whether the physician complied with the standard of care required in his treatment in a given case. *Douglas v. University Hosp.*, 150 FRD 165, 171 (10) (E.D. Mo. 1993), aff'd, 34 F3d 1070 (8th Cir. 1994). That is the issue in a medical malpractice case, OCGA § 51-1-27, as explained in *Hayes v. Brown*, 108 Ga. App. 360, 363 (1) (133 SE2d 102) (1963).

Id. at 108.[1]

The Court of Appeals applied the holding in *Williams* to the facts of this case. The Sniders assert that, in so doing, the Court of Appeals

---

[1] The majority of the jurisdictions which have addressed this issue agree with this analysis. See *Jackson v. Buchman*, 996 SW2d 30, 33 (Ark. 1999).

went astray because the issue in this case is whether Dr. Basilio negligently employed an incompetent nurse. In this regard, the Sniders cite *Douglas v. University Hosp.*, 150 FRD 165, supra, for the proposition that, although evidence that a medical professional failed an examination would not be relevant to determine whether she breached the standard of care, it would be relevant to determine competence.

In *Douglas*, a defendant physician filed a motion in limine to prohibit plaintiff from introducing evidence that he failed a portion of a licensing board examination. In granting the motion, the court observed:

> The evidence is obviously relevant to the jury's assessment of an expert witness's competence to opine, but has little, if any, relevance to the issue whether the defendant complied with the standard of care required in his treatment of the decedent in this case. Were Gomez simply testifying as an expert witness, the question would be allowed, because his general skill and expertise would be relevant to the jury's determination of the weight to be given to his opinions. Here, however, the jury is not being asked to determine whether Gomez is a qualified physician or is competent generally, or whether he is competent to express an opinion, but rather must determine whether the treatment Gomez rendered in this instance breached the relevant standard of care. That is a question of historical fact, to be determined by the jury from the evidence of what Gomez did or did not do, and the evidence regarding the standard of care required. Whether he is board certified and whether he took more than one time to past [sic] the board certification test are not relevant to this dispute, and any possible relevance is substantially outweighed by the potential prejudice from the evidence.

Id. at 171. *Douglas* does not support the Sniders' assertion. Simply put, the issue in this case is not whether Ms. DeVera was generally competent, but whether Dr. Basilio breached the standard of care in hiring her because she was unlicensed. On this issue, the plaintiffs' experts were able to testify that Dr. Basilio breached the standard of care by hiring an unlicensed nurse and allowing her to answer weekend calls without supervision. The fact that Ms. DeVera was unlicensed was key to resolving this issue. Why she was unlicensed was not.

It cannot be said that the trial court abused its broad discretion in refusing to allow evidence that Ms. DeVera failed the nursing board examination. The evidence was not relevant and even if it can

be said that it had any probative value, it was substantially outweighed by the danger of undue prejudice. See generally *Steele v. Atlanta Maternal-Fetal Medicine*, 271 Ga. App. 622, 630 (610 SE2d 546) (2005) (even relevant evidence may be excluded by the trial court in the exercise of a sound discretion if its probative value is substantially outweighed by the danger of unfair prejudice).

*Judgment affirmed. All the Justices concur, except Carley, J., not participating.*

DECIDED OCTOBER 30, 2006 —
RECONSIDERATION DENIED NOVEMBER 20, 2006.

*Davis & Forehand, Hardy Gregory, Jr., Taylor, Harp & Callier, John S. Taylor, Jefferson C. Callier, Bergen & Bergen, Frederick S. Bergen*, for appellants.

*Chambless, Higdon & Carson, David N. Nelson, Hatcher, Stubbs, Land, Hollis & Rothchild, Robert C. Martin, Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Amy Jo Kolczak, Elizabeth L. Fite*, for appellees.