**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2017**

# In the Court of Appeals of Georgia

A16A2094. BIBLER MASONRY CONTRACTORS, INC. v. J. T.
 TURNER CONSTRUCTION CO., INC. et al.

BRANCH, Judge.

After Bibler Masonry Contractors, Inc., finished its work as a subcontractor on a project to renovate the Savannah Law School, it signed — and contends it backdated — a lien waiver in anticipation of final payment from the general contractor. The contractor, however, failed to pay Bibler, and Bibler filed an affidavit of non-payment with the clerk of court but did so more than 60 days past the date shown on the lien waiver. When Bibler attempted to enforce the lien against the project owner, the trial court granted summary judgment in favor of the owner, holding that the affidavit was untimely under the relevant 60-day deadline. On appeal,

Bibler argues that the 60 days should run from the day it actually signed the lien waiver, not from the backdated date. We disagree and affirm the trial court's ruling.

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

> On appeal from the grant of summary judgment, we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences. The party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact.

*Ansley v. Raczka–Long*, 293 Ga. 138, 140 (2) (744 SE2d 55) (2013) (citations omitted); see also *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). Our review is de novo. *Ansley*, 293 Ga. at 140 (2).

The material facts are not in dispute. Appellee JMLS 1422, LLC, purchased property to house the Savannah Law School and hired J. T. Turner Construction Co. ("JTT") as the general contractor to renovate the property. On May 23, 2013, JTT hired Bibler as a subcontractor to perform masonry work on the project. By the end

2

of the project, although Bibler had been paid for most of its work, Bibler asserted that JTT had failed to pay Bibler $105,141.37. In exchange for a statutorily-required "Waiver and Release Upon Final Payment," JTT promised that the full and final payment would be made. Bibler signed the waiver and release and dated it December 22, 2014; a witness also signed it. On February 17, 2015, Bibler forwarded the signed waiver to JTT, again demanding that Bibler be paid in full; JTT appears to have received the document that same day as evidenced by a stamp on its face. Payment never came, however, and on February 27, 2015, Bibler filed an affidavit of non-payment with the applicable clerk of court, which, as shown below, is required by statute to suspend the effect of the waiver and release. On March 5, 2015, Bibler then recorded its claim of lien in the amount of $105,141.37 against the project real estate owned by JMLS, but no payment was ever received.

In May 2015, Bibler filed suit against JTT and JMLS, raising several claims against JTT, and asserting a right to an accounting and to foreclose on the lien against JMLS. Bibler also recorded a notice of its action to foreclose. Eventually Bibler settled its claims against JTT, and entered into a consent judgment in the amount of $105,141.37, thereby leaving only the lien and accounting claim pending against

JMLS. Bibler and JMLS then filed cross motions for summary judgment on those claims.

Although the trial court agreed that Bibler had established a prima facie case that it complied with its subcontract but was not paid in full, the trial court found that Bibler's affidavit of non-payment was untimely in that it was not filed within 60 days of execution of the waiver and release as required by OCGA § 44-14-366 (f) (1). In so doing, the court found

> that the only evidence in the record as to the date of the execution of the Waiver and Release is the date contained on the face of the document, that being December 22, 2014. At best, Bibler has produced an affidavit indicating that Bibler submitted an executed Waiver to [JTT] on February 17, 2015. This submission date, however, sheds no additional light on the question of when the document was actually executed.

The court therefore granted summary judgment in favor of JMLS. On motion for reconsideration, Bibler filed an additional affidavit in which the person who signed the waiver and release on behalf of Bibler averred that she actually signed it on February 17, 2015, but backdated it to December 22, 2014, the date of substantial completion of the project, at the request of JTT. After the trial court denied Bibler's

4

motion for reconsideration, Bibler filed this appeal, which requires us to construe the applicable statute.

When construing a statute, "we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). Thus if the language of the statute "is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) (citation omitted). Where terms of art are not involved, we look to the common and customary usages of the words and their context. *Zaldivar v. Prickett*, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015). "For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." Id. (citation and punctuation omitted). Finally, in this State "lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman." *Few v. Capitol Materials*, 274 Ga. 784, 785, (1) (559 SE2d 429) (2002) (footnote omitted).

> The rationale is that there is usually no contract between the owner and
> supplier. Instead, a materialman's lien effectively permits the transfer of

5

liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property.

Id. (punctuation and footnote omitted).

The lien statute, among other things, allows that once the labor, services, or materials have been furnished by a materialman such as Bibler, a contractor may ask the materialman "to execute a waiver and release in exchange for or in order to induce making of final payment." OCGA § 44-14-366 (a), (d). The waiver and release must substantially follow a form provided for that purpose in the statute and it must include certain notice language. Id. The statutory form, in relevant part, provides

> UPON THE RECEIPT OF THE SUM OF $_____, THE MECHANIC AND/OR MATERIALMAN WAIVES AND RELEASES ANY AND ALL LIENS OR CLAIMS OF LIENS IT HAS UPON THE FOREGOING DESCRIBED PROPERTY OR ANY RIGHTS AGAINST ANY LABOR AND/OR MATERIAL BOND ON ACCOUNT OF LABOR OR MATERIALS, OR BOTH, FURNISHED BY THE UNDERSIGNED TO OR ON ACCOUNT OF SAID CONTRACTOR FOR SAID PROPERTY.
> GIVEN UNDER HAND AND SEAL THIS __ DAY OF _____, ___.
> _____ (SEAL)
> _____
> _____

(WITNESS) . . .

NOTICE: WHEN YOU *EXECUTE AND SUBMIT* THIS DOCUMENT, YOU SHALL BE CONCLUSIVELY DEEMED TO HAVE BEEN PAID IN FULL THE AMOUNT STATED ABOVE, EVEN IF YOU HAVE NOT ACTUALLY RECEIVED SUCH PAYMENT, *60 DAYS AFTER THE DATE STATED ABOVE* UNLESS YOU FILE EITHER AN AFFIDAVIT OF NONPAYMENT OR A CLAIM OF LIEN *PRIOR TO THE EXPIRATION OF SUCH 60 DAY PERIOD*. THE FAILURE TO INCLUDE THIS NOTICE LANGUAGE ON THE FACE OF THE FORM SHALL RENDER THE FORM UNENFORCEABLE AND INVALID AS A WAIVER AND RELEASE UNDER O.C.G.A. SECTION 44-14-366.

(Emphasis supplied). Thus, the materialman must sign and date the document and a witness must sign it. Here, Bibler signed and dated the waiver and release, and a witness signed. The mandatory statutory notice, which Bibler's waiver and release includes, requires that any affidavit of nonpayment must be filed within 60 days of the date given on the form.

A subsequent subsection of OCGA § 44-14-366 undergirds the required notice language found in the statutory form. Subsection (f) provides that once a waiver and release has been signed, "it shall be binding against the claimant for all purposes,

7

subject only to payment in full of the amount set forth in the waiver and release."

OCGA § 44-14-366 (f) (1). The subsection continues,

> Such amounts shall conclusively be deemed paid in full upon the earliest to occur of: (A) Actual receipt of funds; (B) Execution by the claimant of a separate written acknowledgment of payment in full; or (C) Sixty days after the date of the execution of the waiver and release, unless prior to the expiration of said 60 day period the claimant files a claim of lien or files in the county in which the property is located an affidavit of nonpayment, . . [.]

OCGA § 44-14-366 (f) (2). As shown, this subsection provides that any affidavit of nonpayment must be made prior to the expiration of the 60-day period "after the date of the execution of the waiver and release." Id. And normally, to "execute" a written agreement means "[t]o make (a legal document) valid by signing; to bring (a legal document) into its final, legally enforceable form." See Black's Law Dictionary (10th ed. 2014).

Bibler contends that the statute contains an ambiguity regarding whether an affidavit of nonpayment must be filed within 60 days after the date shown on the waiver and release or within 60 days after the date on which the materialman actually signed the waiver and release. In that regard, Bibler contends that summary judgment was not appropriate because there is an issue of fact as to when it actually signed the

8

waiver and release. Bibler also argues that the words "and submit" found in the required notice language in the required statutory form of the waiver and release indicate that the 60-day period does not begin to run until it is delivered to the contractor, which Bibler allegedly did on the same day that it signed and allegedly backdated the document.

We hold that taken in context and construing the lien statute in favor of the property owner, the statutory language, which includes the mandatory notice language in the form, see 2008 Ga.L. § 5, shows that the materialman must file any notice of non-payment within 60 days of the date shown on the waiver and release. The plain language of the statute, including the form, shows that the materialman is required to sign and date a lien waiver and release before a witness to that signature. The most clearly written phrase of the statute is found in the form and it provides that the period in which the affidavit of nonpayment must be filed is within "60 DAYS AFTER THE DATE STATED ABOVE," i.e., the date the materialman wrote on the waiver and release when he or she signed the document before a witness. To read the statute as proposed by Bibler would allow the materialman and the contractor to create an issue of fact where none exists on the face of the lien waiver itself and give the materialman a way to alter the dictated deadlines found in the statute to the

9

detriment of the property owner. Although the definition of execution can mean the day a document is signed, we find no basis for reading this statute to authorize backdating a document to control a time deadline, and we will not assume that the legislature so intended. The same clear language and above reasoning controls Bibler's second argument, that based on the wording of the notice language in the form, the date Bibler mailed the waiver to JTT should establish the beginning of the 60-day period.

In sum, the trial court correctly held that the 60-day period at issue in this case begins to run from the date shown on the waiver and release and that, therefore, Bibler failed to file the affidavit of nonpayment necessary to pursue its lien against JMLS within the statutorily-required time period.

*Judgment affirmed. Ellington, P. J., and Mercier, J., concur.*