**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 18, 2019**

# In the Court of Appeals of Georgia

A19A0923. ALA CONSTRUCTION SERVICES, LLC v. PH-032 CONTROLLED ACCESS, INC.

PHIPPS, Senior Appellate Judge.

ALA Construction Services, LLC ("ALA") hired Controlled Access, LLC pursuant to a written contract to provide controlled access equipment and related services for the Sugar Hill Overlook Townhomes. Controlled Access signed two documents titled "Interim Waiver and Release Upon Payment" which, in accordance with OCGA § 44-14-366, required Controlled Access to file an affidavit of nonpayment or a claim of lien within a 60 day period or else the amount due would be considered paid in full. Although ALA Construction failed to pay the agreed upon amount, Controlled Access did not file an affidavit of nonpayment or a claim of lien within the prescribed 60 day period. Controlled Access filed suit for breach of

contract. ALA Construction filed a motion for summary judgment. At the motions hearing, the trial court heard witness testimony and entered a final order against ALA Construction in the amount of $17,666.78. ALA Construction appeals, arguing that the trial court's interpretation of OCGA § 44-14-366 was erroneous. For the following reasons, we reverse.

"We apply a de novo standard of review to any questions of law decided by the trial court; factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." (Footnote omitted.) *Savannah Cemetery Group, Inc. v. DePue-Wilbert Vault Co.*, 307 Ga. App. 206, 206-207 (1) (704 SE2d 858) (2010).

Although we construe the facts in favor of the judgment, the relevant facts are not in dispute. The evidence shows that Controlled Access and ALA Construction entered into a contract wherein Controlled Access would provide equipment and services to the SugarHill Overlook Townhomes. On June 30, 2017, Controlled Access sent two invoices: Invoice No. 128678 was for $4,916.76 and Invoice No. 128677 was for $8,260.53. On the same date, Controlled Access executed two interim waivers ("Waivers") in accordance with OCGA § 44-14-366.

2

The Waivers in the instant case track the statutory form language found at OCGA § 44-14-366 (c). The "Waiver and Release of Lien and Bonds Rights" statute, among other things, allows that once the labor, services, or materials have been furnished by a materialman such as Controlled Access, a contractor may ask the materialman to execute an "Interim Waiver and Release Upon Payment." OCGA § 44-14-366 (c). The waiver and release must substantially follow a form provided for that purpose in the statute and it must include certain notice language. Id. The Waivers provide, in pertinent part:

> Upon the receipt of [$8,260.53 and $4,916.76], the mechanic and/or materialman waives and releases any and all liens or claims of liens it has upon the foregoing described property or any rights against any labor and/or material bond on account of labor or materials, or both, furnished by the undersigned . . . . NOTICE: When you execute and submit this document, you shall be *conclusively deemed to have been paid in full the amount stated above, even if you have not actually received such payment, 60 days after the date stated* above unless you file either an affidavit of nonpayment or a claim of lien prior to the expiration of such 60 day period. The failure to include this notice language on the face of the form shall render the form unenforceable and invalid as a waiver and release form under [OCGA §] 44-14-366.

(Emphasis supplied.) OCGA § 44-14-366 further provides that

3

(1) When a waiver and release provided for in this Code section is executed by the claimant, *it shall be binding against the claimant for all purposes*, subject only to payment in full of the amount set forth in the waiver and release. (2) Such amounts *shall conclusively be deemed paid in full* upon the earliest to occur of: (A) Actual receipt of funds; (B) Execution by the claimant of a separate written acknowledgment of payment in full; or (C) Sixty days after the date of the execution of the waiver and release, unless prior to the expiration of said 60 day period the claimant files a claim of lien or files in the county in which the property is located an affidavit of nonpayment[.]

OCGA § 44-14-366 (f) (emphasis supplied).

Although ALA Construction did not pay the invoices, Controlled Access did not file an affidavit of non-payment or a claim of lien described in the Waiver. Controlled Access then filed the instant breach of contract lawsuit. ALA Construction filed a motion for summary judgment based on OCGA § 44-14-366. At the summary judgment hearing, the trial court considered witness testimony, and entered judgment in favor of Controlled Access.

When this Court construes a statute,

we must presume that the General Assembly meant what it said and said what it meant. Thus if the language of the statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. Where terms of art are not involved, we look to the common

4

and customary usages of words and their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law – constitutional, statutory, and common law alike – that forms the legal background of the statutory provision in question. Finally, in this State lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman.

(Citations and punctuation omitted.) *Bibler Masonry Contractors, Inc. v. J. T. Turner Constr. Co,* 340 Ga. App. 490, 492-493 (798 SE2d 19) (2017).

We conclude that the plain and unambiguous language of OCGA § 44-14-366 (f) (1) clearly provides that the General Assembly intended the Waiver to be binding against the parties for "all purposes," not just for the purposes of preserving the right to file a lien on the property. OCGA § 44-14-366 (f) (1) (the execution of a waiver and release under this Code section "shall be binding against the claimant for *all* purposes") (emphasis supplied). Further, the statute clearly and unambiguously provides that upon signing the Waivers, Controlled Access had a statutorily imposed responsibility to file either a claim of lien or an affidavit of nonpayment if it wished to keep the debt alive beyond 60 days. Controlled Access did neither and the debt is extinguished. See OCGA § 44-14-366 (c) (by executing the waiver release form, "you shall be conclusively deemed to have been paid in full the amount stated above, even

5

if you have not actually been paid 60 days after the date stated" unless an affidavit of nonpayment or claim of lien has been filed).

ALA Construction does not argue that OCGA § 44-14-366 (f) is ambiguous. Rather, ALA Construction cites to *Hampshire Homes, Inc. v. Espinosa Constr. Svcs., Inc.*, 288 Ga. App. 718 (655 SE2d 316) (2007) for the assertion that "[a] release of the lien releases the lien; it does not necessarily release the underlying debt." Id. at 725 (4). However, *Hampshire Homes* was not decided under OCGA § 44-14-366 and does not consider or discuss the statute and prescribed form at issue here. In *Hampshire Homes*, Espinosa Construction had released a lien, it had not signed a OCGA § 44-14-366 (c) waiver and release. Id. at 724-725 (4). Moreover, a different entity was pursuing a judgment against the debtor; it had waived and released nothing. Further, Controlled Access's reliance upon *Benning Constr. Co. v. All-Phase Electric Supply Co.*, 206 Ga. App. 279 (424 SE2d 830) (1992) and *David Shapiro & Co., Inc. v. Timber Specialities, Inc.*, 141 Ga. App. 354 (233 SE2d 439) (1977) is also unpersuasive because they were decided before OCGA § 44-14-366 was enacted, and thus did not interpret the statutory language at issue in this case.

We hold that taken in context and construing the lien statute in favor of the property owner, the statutory language, which includes mandatory notice language

6

in the form, shows that the materialman must file a notice of non-payment within 60 days of the date shown on the waiver and release or else that the amount at issue "shall conclusively be deemed paid in full," and that the presumption of payment is "binding against the claimant for all purposes." See e. g., *Bibler Masonry Contractors, Inc.,* 340 Ga. App. at 492 (finding the calculation of the 60-day period in OCGA § 44-14-366 (f) (1) to be clearly written and unambiguous).

Based upon the above, we conclude that the trial court erred in denying ALA's summary judgment motion.

*Judgment reversed. McFadden, C. J., and McMillian, P. J., concur*.

7